Judge Underwood,
delivered the opinion of the court.
The first question presented by the record, relates to the right asserted by Jane Hughes to have dower assigned her in lot No. 10 in Burlington. The legal title to said lot was never vested in her husband at any time during the coverture, cause a majority of the trustees of the town did not sign seal and deliver the instrument purporting to be a deed of conveyance to Stone, the vendor of the husband. Yet it is very clear that her husband had such an use in the lot and such right of inheritance *582 coupled with a beneficial seizin or possession, as would have conferred on the wife a right to dower under the l4lh section of the act contained in I. Dig. 315, incase the husband had died seized. This statute has been construed to embrace all trusts, whether expressly declared by deed or resulting from execu-tory contracts; Bailey and wife vs. Duncan’s representatives, IV. Monroe, 263. But we have met with no adjudged case, in which it has been determined that a wife is dowable of an equity or use resulting by implication of law from an executory contract, held by the husband at some period of the existence of the coverture, and transferred by him in his life time. ’ Such is the present case, and if it should be decided in favor of Mrs. Hughes, a precedent would be set, calculated to have a most extensive operation upon the interests of‘society. If a man holds a bond for. a title to land, having paid all the purchase money, then he holds such an equity as that, were it a legal right, his wife would be entitled to dower. If he dies still holding the bond, his wife surviving, would clearly be entitled to dower, according to the principles settled in the case of Bailey and wife vs. Duncan’s representatives. But if in his life time he assigns the bond to A, and he to B, and he to C, and then the obligee die and A and B likewise, before or after the obligor has conveyed to C, the last assignee, can the wives of the obligees A and B, one, or all have dower in the land? We think the wife of neither would be entitled. In our opinion, the aforesaid 14th section was never intended, by the Legislature, to embrace such cases of implied use or trust. If it should be construed to give the wife a right to dower in such cases, by making the right attach as soon as the husband acquires such an equity during the coverture, then she has a dower right which cannot be defeated but by her own act, and unless she conveys her right according to the forms prescribed by law, she may assert it after her husbands death. It follows, that in order to get clear of the wife’s dower in such a case, it would be necessary for her husband to execute a formal deed of conveyance with a regular relinquishment of dower on the part of the wife, when the husband had an equitable interest only. Besides, title bonds for land are made assignable by law. The obvious intention of the act regulating assignments, *583 was to vest the entire interest in the assignee, and this act would be’defeated if there was an interest existing in the wife which could not be transfered. We are therefore of opinion that the said 14th section does not embrace implied trusts, except such as the husbadd shall hold at the time of his death.1 — These, and these only are included by the former adjudications of this court. To extend the statute further, and to make it embrace all cases where the husband, at any time during the coverture, may have possessed an equity and parted with it before his death,' would open another Pandora’s box.
Assignment (by husband in his life time,) of a title bond for land, divests wife of her right to dower in the land.
The 14th seel tion of act of 3^5^ ^relati^é to doJerVnd curtesy, em-traces no im-excepfsuoh as husband ^/his^ealk?
Marshall and Julian, for plaintiffs; Denny, for defendant.
As therefore Mrs. Hughes’ husband held only an equity and parted with that in his life time, we are of opinion that she was not entitled to dower. This supersedes the necessity of investigating other points.
The decree is reversed with costs, and the cause remanded with directions to dismiss the bill.